UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DEIDRA RITCHHART,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RATP DEV USA,<br><br>　　　　Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 4:23-cv-00100-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

This matter is before the Court on Defendant's Motion to Dismiss.[1] This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).[2] For the reasons discussed below, it is recommended that Motion be granted.

I.  BACKGROUND

Plaintiff Deidra Ritchhart was employed by Defendant RATP Dev USA. Defendant provides transportation services within Zion National Park. Plaintiff alleges that during her employment she observed another employee engage in racial and disability discrimination. Specifically, she alleges that another employee denied access to the shuttle to a Black woman in a wheelchair. Plaintiff contends that she was later fired in retaliation for reporting the alleged discriminatory conduct. Plaintiff brings claims under Title VII, the Americans with Disabilities Act ("ADA"), the Fair Labor Standards Act ("FLSA"), the Utah Antidiscrimination Act, and the Utah Payment of Wages Act. Defendant seeks dismissal.

---

[1] Docket No. 12, filed January 24, 2024.

[2] Docket No. 6.

1

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[3] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[4] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[6]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[8]

---

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[7] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[8] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

In considering a motion to dismiss, a district court considers not only the complaint "but also the attached exhibits,"[9] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[10] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[11]

### III.  DISCUSSION

A.   TITLE VII AND THE ADA

Both Title VII and the ADA require a Plaintiff to file a charge of discrimination and receive a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") prior to filing suit.[12] While not jurisdictional,[13] the failure to properly exhaust administrative remedies is an affirmative defense that the Court must enforce "if the employer properly raises it."[14] A failure to exhaust "may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint."[15]

Plaintiff's Complaint makes clear that at the time she filed her Complaint, she had not received a right to sue letter from the EEOC.[16] Defendant has properly raised Plaintiff's failure to exhaust as a defense. Plaintiff does not contend that she has received a right to sue letter.

---

[9] *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[10] *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

[11] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[12] *Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007); *Jones v. Runyon*, 91 F.3d 1398, 1401 (10th Cir. 1996).

[13] *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018).

[14] *Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020).

[15] *Cirocco v. McMahon*, 768 F. App'x 854, 858 (10th Cir. 2019).

[16] Docket No. 5, at 5.

Instead, Plaintiff argues that she may bring suit because more than six months have passed since she filed her charge of discrimination. While a plaintiff can request the EEOC issue a right to sue letter 180 days after a charge of discrimination has been filed,[17] there is no allegation or evidence that Plaintiff has either made such a request or received a right to sue letter.[18] As such, Plaintiff's Title VII and ADA claims should be dismissed without prejudice based on her failure to properly exhaust her administrative remedies prior to filing her Complaint.

B.     FLSA

The FLSA "establishes minimum wage, overtime pay, recordkeeping, and child labor standards."[19] Plaintiff's Complaint does not allege any facts that would support a violation of any of these components. She does not assert that she was paid less than the minimum wage, that she did not receive appropriate overtime pay, that Defendant's recordkeeping was deficient, or that Defendant violated child labor standards. As such, Plaintiff has failed to state a claim under the FLSA, and this claim should be dismissed without prejudice.

C.     STATE LAW CLAIMS

Defendant provides transportation services within Zion National Park and Plaintiff's claims arose out of conduct within the park. As a national park, Zion is considered a federal enclave subject to the federal enclave doctrine.[20] "The central principle of federal enclave doctrine is that Congress has exclusive legislative authority over these enclaves. But in the

---

[17] *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1279 (10th Cir. 2006) (stating that "the plaintiff can always request a right-to-sue letter from the EEOC once the charge has been pending before that agency for 180 days").

[18] The Court recognizes that filing suit prior to receiving a right to sue letter is a curable defect. *Martin v. Cent. States Emblems, Inc.*, 150 F. App'x 852, 855 n.3 (10th Cir. 2005). However, as stated, there is nothing to suggest that Plaintiff has received a right to sue letter.

[19] *Boyer v. Celerity Sols. Grp.*, 482 F. Supp. 3d 1122, 1128 (D. Colo. Aug. 28, 2020).

[20] *Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1235 (10th Cir. 2012).

absence of applicable federal legislation displacing state law, those state laws that existed at the time that the enclave was ceded to the federal government remain in force."[21] "State law adopted before the enclave's creation also remains in force; but subject to certain exceptions not relevant here, state law adopted after the enclave's creation does not."[22]

Zion National Park was established in 1919.[23] Both Utah's Antidiscrimination Act and Payment of Wages Act, upon which Plaintiff's state law claim relies, were codified in 1969.[24] Since these laws were enacted after Zion was established, and no exception to the federal enclave doctrine applies,[25] they do not apply, and Plaintiff's state law claims are subject to dismissal with prejudice.

## IV. CONCLUSION AND RECOMMENDATION

For these reasons, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED and this action be dismissed as set forth above.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

---

[21] *Id.* at 1237.

[22] *Bisconte v. Sandia Nat'l Labs.*, No. 21-2133, 2022 WL 3910509, at *3 (10th Cir. Aug. 31, 2022) (unpublished).

[23] 16 U.S.C. § 344.

[24] *Beehive Med. Elecs. Inc. v. Indus. Comm'n*, 583 P.2d 53, 60 n.5 (Utah 1978); *Zoll & Branch, P.C. v. Asay*, 932 P.2d 592, 593 n.1 (Utah 1997).

[25] "The Supreme Court has recognized at least three exceptions to the rule that only state law in effect at the time of cession applies within the federal enclave: 1) where Congress has, by statute, provided a different rule; 2) where the state explicitly retained the right to legislate over specific matters at the time of cession; and 3) where minor regulatory changes modify laws existing at the time of cession." *Allison*, 689 F.3d at 1237.

DATED this 5th day of March, 2024.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge